UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA SNIDER, #834248,          )
        Plaintiff,          )
                  )          No. 2:19-cv-134
-v-          )
                  )          HONORABLE PAUL L. MALONEY
UNKNOWN SCHMIDT, et al.,          )
        Defendants.          )
_____)

## ORDER

This is a civil rights action brought by state prisoner Joshua Snider pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Snider's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Maarten Vermaat (R&R ECF No. 48; Objection ECF No. 49). Defendants have responded to Snider's objection (ECF Nos. 52, 53). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the

district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

The R&R concludes that Snider failed to exhaust the administrative remedies available to her.[1] In her objection, Snider "does not dispute" Magistrate Judge Vermaat's conclusion that she failed to properly exhaust the relevant grievances, but seeks to file a "supplemental and amended complaint." In support of that request, she attaches several grievances that were appealed to Step III and appear to be exhausted. However, the R&R has already considered these grievances and properly concluded that none of them exhaust the claims underlying this lawsuit.

Grievance MBP-19-06-0812-27A was pursued through Step III, but that grievance raises Equal Protection and First Amendment violations related to a misconduct ticket, not Snider's Eighth Amendment claims related to hormone therapy treatment. Therefore, it does not exhaust the claims at issue here. Grievances MBP-18-12-1634-28A and MBP-19-01-0022-28A were pursued through Step III but rejected as duplicative of five prior

---

[1] Snider identifies as female (ECF No. 1).

2

grievances. The R&R properly looked "through" these grievances to the prior grievances; none of the first five grievances were exhausted, so the duplicative grievances are also unexhausted. The Court finds no error in the R&R regarding exhaustion.

To the extent that Snider seeks leave to amend her complaint, that request will be denied. Leave to amend a complaint shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). however, the Court may deny leave to amend where the amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). The exhibits attached to Snider's request for leave to amend have already been presented to the Court. Therefore, it appears that the amended complaint would largely present the same issues as the original complaint, and accordingly, amendment would be futile. Snider's objection also asserts a vague claim of conspiracy that is not present in the original complaint, but the objection does not allege that the conspiracy claim was exhausted. On review of Snider's grievances, the Court finds that this claim was not exhausted, so an amendment to add this claim would also be futile. Therefore, the Court will deny Snider's request to amend her complaint, overrule the objection, and adopt the R&R as the opinion of the Court.

## Conclusion

For the forgoing reasons,

**IT IS ORDERED** that the August 12, 2020 R&R (ECF No. 48) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 49) is **OVERRULED**.

3

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend (ECF No. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 14, 41) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant James' first motion for summary judgment (ECF No. 25) is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that the unserved Defendants are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' motion (ECF No. 39) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:   October 23, 2020                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge

4